UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CAREY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-2592-B |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Carey's Motion to Remand (doc. 4). For the reasons stated below, the motion is **GRANTED** so far as this case is remanded in its entirety to state court and **DENIED** as to awarding attorney's fees. The clerk is hereby directed to remand this action to County Court at Law No. 4 of Dallas County, Texas according to the normal remand procedures.

## I.

## BACKGROUND

Plaintiff Robert Carey filed this action in Dallas County Court on July 6, 2012 alleging seven causes of action related to his employment at Defendant Bank of America, N.A. ("BOA"). Carey alleges claims of disability and age discrimination, harassment, and retaliation in violation of the Texas Commission on Human Rights Act, as well as a claim alleging workers' compensation retaliation under Texas Labor Code section 451.001. Defendant timely removed the action to this Court on July 30, 2012 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. That same day, Carey timely filed this motion to remand. Bank of America has since responded and Carey has

replied, making the motion ripe for consideration.

## II.

## LEGAL STANDARD

A defendant may remove a state court action to federal district court if the district court has original jurisdiction over the case and Congress has not expressly prohibited removal. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Because of significant federalism concerns, removal jurisdiction is strictly construed. *Id.* When determining if a federal district court has jurisdiction to hear a case on removal, "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

## III.

## DISCUSSION

*A.   Remand*

Carey and BOA agree Carey's workers' compensation retaliation claim under Texas Labor Code § 451.001 is nonremovable under 28 U.S.C. § 1445(c) and must be remanded. *See Sherrod v. Am. Airlines*, 132 F.3d 1112, 1119 (5th Cir. 1998). BOA argues the Court should sever and remand the workers' compensation retaliation claim while maintaining jurisdiction over the six other claims in this Court based on diversity of citizenship jurisdiction. Def. Memo. Opp. Pl. Mot. Remand 2. Carey counters that the entire case must be remanded because the workers' compensation retaliation claim makes the entire civil action arise under Texas workers' compensation laws, and therefore the entire action is nonremovable under § 1445(c). Pl. Mot. Remand 1. The issue before the Court is

whether § 1445(c), which makes workers' compensation retaliation claims nonremovable, deprives this Court of jurisdiction over the other, otherwise removable, state law claims. Pl. Reply to Def. Resp. 1.

Turning first to the plain language of the federal removal statutes, diversity jurisdiction is a grant of original jurisdiction to federal district courts. 28 U.S.C. § 1332(a). A defendant may remove a state court action to federal district court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The term "any civil action" refers generally to an entire case. *Escobedo v. Time Warner Entm't Advance Newhouse P'ship*, 811 F. Supp 2d 1289, 1292 (W.D. Tex. 2011); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 25 186, 192 (D. Conn. 2005). This construction of the statute finds support in the fact that the Revision Notes accompanying the 1948 revision of § 1441 specifically state that the words "civil action" were substituted in place of the phrase "in suits of a civil nature, at law or in equity" and terms "suit," "cause," and "case." 28 U.S.C. § 1441(a) (Revision Note 1948); *Escobedo*, 811 F. Supp. 2d at 1292.

When "any civil action" in § 1441(a) is construed to encompass the entire case and a claim is not removable under § 1441(a), the entire civil action must be remanded, even if there are other claims within the district court's original diversity jurisdiction. *Wilson*, 401 F. Supp. 2d at 193. Nonetheless, in the case of federal question jurisdiction, Congress did provide an exception to this

full-civil-action-remand requirement with § 1441(c) which allows for severance and remand.[1] The case before this Court was removed solely on diversity grounds and therefore § 1441(c) is inapplicable. In other words, the statute does not offer the severance and remand option which would permit the claims based upon diversity jurisdiction to be severed from the non-removable state claim and remain in federal court.

.	To summarize, this Court's jurisdiction is based solely on diversity grounds and this action was removed pursuant to § 1441(a). Under § 1441(a), if Congress expressly provides, removal may be limited. A workers' compensation retaliation claim, such as the one here, is one such type of claim that prevents removal of the civil action under § 1445(c). *Sherrod*, 132 F.3d at 1117. A "civil action" is the entire case, not merely an individual claim. Severance and remand of the nonremovable claim is appropriate only when the district court's jurisdiction is based on a federal question; there is no such provision when the court's jurisdiction is based on diversity. 28 U.S.C. § 1441(c). Thus, because § 1441(c) is inapplicable to diversity jurisdiction cases, this civil action, in its entirety, must be remanded to County Court at Law No. 4 of Dallas County, Texas.

Moreover, there are policy reasons that justify remanding this case in its entirety. At least one federal court has observed that by making civil actions involving workers' compensation claims nonremovable, Congress sought to reduce the number of cases in federal court based on diversity jurisdiction and "relieve workers of the expense and delay associated with litigation in federal court." *Wilson*, 401 F. Supp. 2d at 196 (citing S.Rep. No. 85-1830 (1958)); *see also Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991). If workers' compensation retaliation claims are severed

---

[1] The 2011 amendment, which restricts § 1441(c) to federal question jurisdiction only, became effective on Jan. 3, 2012 and is therefore applicable to this case commenced on July 6, 2012.

and remanded to state court, Congress' goals are defeated. The nonremovability provision in § 1445(c) gives plaintiffs a choice-of-forum privilege for their workers' compensation claims. "If joining related state law claims waived the plaintiff's choice-of-forum privilege provided by Congress, plaintiffs would be left with two undesirable alternatives: plead the workers' compensation claim only, or litigate in two separate forums." *Wilson*, 401 F. Supp 2d at 196. Furthermore, the facts forming the basis of the workers' compensation retaliation claim are the same as the facts underlying Carey's other claims; it would be inefficient, unfair, and a waste of judicial resources for the plaintiff to present the same facts to different courts, not to mention the risk of conflicting factual findings. *See Horn v. Kmart Corp.*, No. 1:06-CV-493, 2007 WL 1138473, at *5 (S.D. Ohio April 16, 2007).

Defendant BOA directs the Court to four Northern District of Texas cases in support of its position. Of the four cases cited by BOA, only *Climer v. Twin City Fire Ins. Co.*, is on point but, nonetheless, not binding on this Court. No. 3:04-CV-0552-G, 2004 WL 1531796 (N.D.Tex. July 8, 2004). In *Climer,* the district court severed and remanded the workers' compensation claim while retaining the other state law claims pursuant to diversity jurisdiction as those claims did "not come within the ambit of the non-removability provision of § 1445(c)." *Id.* at *5. While few Northern District of Texas courts have considered the issue presented in this motion to remand, when faced with similar jurisdictional facts, many other district courts have likewise remanded the entire case to state court.[2]

---

[2] *Escobedo*, 811 F. Supp. 2d at 1294, n.5 (collecting cases); *Horn v. Kmart Corp.*, No. 1:06-CV-493, 2007 WL 1138473, at *4 (S.D. Ohio Apr. 16 2007) ("[T]he language of 1441(c) suggests that the entire case be remanded."); *Bryant v. Wausau Underwriters, Ins. Co.*, No. 2:06-cv-1002-MEF, 2008 WL 1808325, at *2 (M.D. Ala. Apr. 21, 2008) ("§ 1441(c) expressly authorizes a district court to exercise jurisdiction over a claim removed pursuant to § 1331 and remand 'otherwise non-removable claims or causes of action.' There is no such authority in claims removed pursuant to § 1332."); *Formosa v. Lowe's Home Centers, Inc.* 806 F. Supp. 2d 1181, 1191-92 (N.D. Ala. 2011) (collecting cases).

Thus, for the reasons stated above, the entirety of this case is **REMANDED** to County Court at Law No. 4 of Dallas County, Texas for all further proceedings.

B.     *Attorney's Fees*

Carey also moves the Court to award attorney's fees and costs in moving to remand the workers' compensation retaliation claim. In BOA's notice of removal it included a footnote that Plaintiff has a right to move to sever and remand the workers' compensation retaliation claim, as described in *Sherrod*.

The entitlement to an award of attorney's fees is within the Court's discretion. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In some factual situations, the district court is required to award attorney's fees, but "the mere determination that removal was improper is not one of them." *Id.* at 292. If the defendant had objectively reasonable grounds to believe removal was legally proper, then an award of attorney's fees is not required. *See id.* at 293. In light of the absence of controlling authority on the specific issue presented in this motion, the Court finds BOA's removal of all claims, including the workers' compensation retaliation claim, was reasonable and as such **DENIES** Carey's request for attorney's fees.

## IV.

## CONCLUSION

In conclusion, for the reasons stated above, Plaintiff Carey's Motion to Remand is **GRANTED** as to remand and **DENIED** as to attorney's fees. The clerk is directed to remand the entire case to County Court at Law No. 4 of Dallas County, Texas according to the normal remand procedures.

SO ORDERED.

SIGNED: November 14, 2012.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE